Commonwealth v. Coffee.

COMMONWEALTH *vs.* JOHN COFFEE.

Intoxicating liquor, though purchased in this state in violation of *St.* 1855, *c.* 215, intended by the purchaser to be sold in violation of that act, and being transported from place to place in violation of that act, is a subject of larceny.

INDICTMENT for larceny of six gallons of brandy at Townsend in this county.

At the trial in the court of common pleas the district attorney introduced evidence tending to show " that one Josslyn bought of an unauthorized dealer in intoxicating liquors in Boston the intoxicating liquor alleged to be stolen, for the purpose of retailing the same contrary to law in Townsend, the dealer selling it to Josslyn having reasonable cause to believe that the liquor was purchased of him for the purpose of being illegally sold by the purchaser at his store ; that the liquor was then, by direction of Josslyn, (who was at the store of the seller when the liquor was bought,) put on the cars of the Fitchburg Railroad Corporation to be by them carried to Josslyn at Townsend, the station agent knowing the destination, quantity and purpose for

---

which the liquor was intended to be used by the owner; and that before the liquor reached the consignee at Townsend, it was taken and carried away by the defendant, and concealed by him."

The defendant objected " that there could not be such property, possession, ownership, custody and right of return of the liquor, under the circumstances of this case, as to support this indictment." But *Aiken,* J. overruled the objection, and, after a verdict of guilty, reported the case to this court.

*B. F. Butler,* for the defendant. The liquor in question was illegally sold for an illegal purpose ; bought for an illegal purpose, to wit, to be sold in this state by the purchaser; it was criminal to own or keep it for such purpose ; it was being illegally transported for that purpose at the time of the asportation; and all these intents and purposes were known to the various actors. *St.* 1855, *c.* 215, §§ 1, 3, 18, 19. It was a common nuisance. § 37. And the defendant's taking and concealment of it were an abatement of the nuisance, which was the only lawful act that could be done with it.

How can a man steal a common nuisance ? Stolen property is required to be secured, and, upon conviction of the thief, restored to the owner, at the expense of the Commonwealth. Rev. Sts. *c.* 126, §§ 25, 26. Will the law lend its aid to recover this article, and put it back into the power of the purchaser, to enable him to pursue his unlawful purpose ? See *Spalding* v. *Preston,* 21 Verm. 9 ; *Regina* v. *Hunt,* 8 Car. & P. 642.

This case is distinguished from *Commonwealth* v. *Rourke,* 10 Cush. 397, by the fact that this liquor had lost every attribute of property when it was first sold, and from that moment became only an instrument of crime.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

THOMAS, J. The thing taken was property and the subject of larceny. The owner might forfeit and lose the property, if upon proper legal process it should appear that it was procured and held for an illegal purpose, but only upon such proof, and in the method the law points out. *Commonwealth* v. *Rourke,* 10 Cush 397. *Ewings* v. *Walker, ante,* 95. *Exceptions overruled.*